UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

MIKE FUGATE, et al.,          )
                              )
     Plaintiffs,              )
                              )        Civil Case No.
v.                            )        16-cv-00037-JMH
                              )
OHIO CASUALTY INSURANCE       )
COMPANY, et al.,              )
                              )     **MEMORANDUM OPINION & ORDER**
     Defendants.              )

*** * ***

This matter is before the Court upon Plaintiffs' Motion to Remand [DE 8]. Defendants have filed a Response [DE 8], and Plaintiffs have filed a Reply in further support of their Motion [DE 10].[1]

Plaintiffs Mike and Radney Fugate's Complaint arises out of water damage which occurred when a frozen pipe burst in their commercial building, property insured by Defendant Ohio Casualty Insurance Company ("Ohio Casualty"). An initial inspection of the property generated a replacement cost value repair estimate of $6,067.70, which the Fugates disputed. A second inspection of the property yielded a replacement cost value repair estimate of $42,195.49. The Fugates disputed the second amount and, ultimately, Ohio Casualty paid Plaintiffs $130,984.12 based upon

---

[1] Defendants have also filed a Motion for Leave to File a Surreply [DE 11], to which there is no objection. This motion is granted, and the tendered surreply shall be filed in the record of this matter.

another revised estimate for repair costs.  In their Complaint, the Fugates aver that Ohio Casualty and its adjusters, Defendants William Charles Norton and Brandon Mann, handled their claims in bad faith in violation of Kentucky's Unfair Claims Settlement Practices Act, KRS 304.12-235, and committed common law bad faith and negligence.

Ohio Casualty removed this action to this Court from Wolfe Circuit Court, asserting that jurisdiction is appropriate based on the diversity of the parties.  There is no dispute that the Fugates are domiciled in Wolfe County, Kentucky, and are citizens of the Commonwealth of Kentucky.  Thus, they have diverse citizenship from Ohio Casualty, an insurance company formed under the laws of New Hampshire with its principal place of business in Massachusetts.  Defendants Norton and Mann are domiciled in and citizens of Kentucky.  The Fugates argue that, as a result, the parties are not diverse, but Ohio Casualty argues that their citizenship is irrelevant in determining this Court's jurisdiction over the matter because they are nominal parties, fraudulently joined in this action.

Ultimately, the Court concludes that the Fugates have asserted a colorable bad faith claim against the non-diverse defendants, Norton and Mann, and that jurisdiction is lacking because complete diversity does not exist.  As a result, this matter will be remanded to Wolfe Circuit Court.

I.

A case filed in state court is removable only if it could have originally been brought in federal court. *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction[ ] may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending."); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83, 126 S.Ct. 606, 163 L.Ed.2d 415 (2005) ("[Section] 1441 ... authorizes removal of civil actions from state court to federal court when the action initiated in state court is one that could have been brought, originally, in federal district court."). Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions between citizens of different states where the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). The "statute has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party." *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). The burden of establishing diversity jurisdiction is on the removing party. *Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

An exception to the complete-diversity requirement arises where a non-diverse defendant has been fraudulently joined. *See*

*id.* ("[The Sixth Circuit] has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds."). A case need not be remanded as the result of fraudulent joinder if there is no "reasonable basis" to expect that the plaintiff's claims against the non-diverse defendant could succeed under state law. *Id.* (citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 943 (6th Cir. 1994)). Although the actual motive of the plaintiff is irrelevant to the fraudulent joinder inquiry, *Jerome-Duncan, Inc. v. Auto-By-Tel Mktg. Corp.*, 176 F.3d 904, 907 (6th Cir. 1999), this test serves as "a proxy for establishing the plaintiff's fraudulent intent. If the plaintiff has no hope of recovering against the non-diverse defendant, the court infers that the only possible reason for the plaintiff's claim against [that defendant] was to defeat diversity and prevent removal." *Smith v. SmithKline Beecham Corp.*, No. 11-56-ART, 2011 WL 2731262, at *5 (E.D. Ky. July 13, 2011) (citation and internal quotation marks omitted). In cases of fraudulent joinder, the Court "must resolve all disputed questions of fact and ambiguities in the controlling ... state law in favor of the nonremoving party," and "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Coyne*, 183 F.3d at 493 (internal quotation marks omitted). The removing party bears the "heavy" burden of establishing fraudulent joinder. *Walker v. Phillip Morris USA, Inc.*, 443 F.

4

App'x 946, 953 (6th. Cir. 2011); *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994).

## II.

Plaintiffs have averred bad faith claims against Ohio Casualty, Norton, and Mann under both the common law and KRS 304.12-235, part of Kentucky's Unfair Claims Settlement Practices Act, which requires that "[a]ll claims arising under the terms of any contract of insurance shall be paid to the named insured person or health care provider not more than thirty (30) days from the date upon which notice and proof of claim, in the substance and form required by the terms of the policy, are furnished the insurer." KRS 304.12-235(1). KRS 304.12-235(2) further provides that, "[i]f an insurer fails to make a good faith attempt to settle a claim within the time prescribed in subsection (1) of this section, the value of the final settlement shall bear interest at the rate of twelve percent (12%) per annum from and after the expiration of the thirty (30) day period." Finally, subsection (3) provides for recovery of attorneys fees in certain circumstances. The UCSPA does not define "person," and the courts of Kentucky have yet to clearly determine whether claims under the USCPA can be asserted against claims adjusters such as Norton and Mann. *See Davidson v. Amer. Freightways, Inc.*, 25 S.W.3d 94 (Ky. 2000) (holding that the USPCA has no application to an uninsured entity under

no contractual obligation to pay the tort claim and, thus, a claim under KRS 304.12-230(6) and the tort of "bad faith" apply only "to those persons or entities (and their agents) who are 'engaged…in the business of entering into contracts of insurance'"); *Kentucky Nat. Ins. Co. v. Shaffer*, 155 S.W.3d 738 (Ky. Ct. App. 2004) (holding that, for a bad faith claim to lie, there must be a contractual obligation to pay a tort claim but not addressing whether agent of insurer is subject to the USPCA or liable under common law bad faith claim).

In *North Amer. Specialty Ins. Co. v. Pucek*, Civil Action No. 5:09-cv-49-JMH, 2009 WL 4711261 (E.D. Ky. Nov. 4, 2009), the undersigned held that, because there was some ambiguity in Kentucky's USPCA and bad faith law, the matter must be resolved in favor of the non-removing party averring bad faith claims against an insurance agency. *Accord Collins v. Montpelier U.S. Ins. Co.*, Civil No. 11-166-ART, 2011 WL 6150583 (E.D. Ky. Dec. 12, 2011) (J. Thapar, holding that finding of fraudulent joinder was inappropriate was and remand was appropriate because Kentucky law was unclear as to whether an insurance adjuster is "engaged in the business of insurance'); *Mattingly v. Chartis Claims, Inc.*, Civil Action No. 2011-48 (WOB-CJS), 2011 WL 4402428 (E.D. Ky. Sept. 20, 2011) (same); *Gibson v. Am. Mining Ins. Co.*, No. 7:08cv118, 2008 WL 4602747 (E.D. Ky. Oct. 16, 2008) (J. Thapar, holding that ambiguities in Kentucky's bad

6

faith law required remand to the state court because the plaintiffs had asserted at least a colorable claim against the non-diverse claims adjusters); *Wright v. Allstate Ins. Co.*, No. 03-501 (E.D. Ky. Mar. 5, 2004) (J. Forester, remanding matter on the grounds that plaintiff had brought a colorable claim against a non-diverse defendant claims adjuster because, under *Davidson*, claims adjusters could be considered persons in the business of insurance, and thus, subject to bad faith claims); *cf. Ray Jones Trucking, Inc. v. Kentucky Automobile Ins. Plan*, No. 3:07cv15, 2007 WL 1309616 (E.D. Ky. May 4, 2007) (J. Caldwell, declining to remand and holding that there was no colorable bad faith claim against a non-diverse entity which was a residual market mechanism through which individuals who could not obtain insurance on the primary market could obtain automobile insurance).[2]  The Court reaches the same conclusion here.

---

[2] Defendants urge the Court to follow the reasoning in the undersigned's opinion in *Winburn v. Liberty Mut. Ins. Co.*, 8 F. Supp. 2d 644 (E.D. Ky. 1998), in which the Court held that diversity jurisdiction existed where a non-diverse insurance agent was fraudulently joined.  The Court reasoned that he was fraudulently joined because the plaintiffs' claim for violation of KRS 304.12-230(6) failed as a matter of law on the facts averred by the plaintiffs. Perhaps the Court should have looked more carefully at the issue of jurisdiction in that matter and perhaps it would have determined that remand was appropriate. It is too late for that now, and the Court declines to follow the reasoning employed in that case.  The Court considers the case before it today and, armed with a request for remand and knowledge of the case law as it has developed, adjusts its sails accordingly.

In light of the ambiguity in Kentucky law, Defendant Ohio Casualty has not met the heavy burden required to prove the fraudulent joinder of insurance adjusters Norton and Mann. While the Fugate's bad faith claim against Norton and Mann may not ultimately succeed, it is at least colorable for the purposes of determining diversity jurisdiction.[3]   There is not complete diversity among the parties, and this matter must be remanded to Wolfe Circuit Court.

Accordingly, **IT IS ORDERED:**

(1) That Defendants' Motion for Leave to File a Surreply [DE 11] is **GRANTED** and that the Clerk shall **FILE** their tendered Surreply in the record of this matter;

(2) That Plaintiffs' Motion to Remand [DE 8] is **GRANTED**; and

(3) That this matter is **REMANDED** to the Wolfe Circuit Court for all further proceedings.

This the 13th day of July, 2016.

---

[3] In fact, the undersigned has granted a claims adjuster's motion to dismiss the bad faith claim against him.  *See Neace v. Safe Auto Ins. Co.*, No. 5:08cv143, 2008 WL 2152002 (E.D. Ky. May 21, 2008) (dismissing bad faith claim pursuant to Fed. R. Civ. P. 12(b)(6) where there was complete diversity of the parties upon which jurisdiction was founded). However, "[t]he burden of proving fraudulent joinder is even more stringent than the motion to dismiss standard under Fed. R. Civ. P. 12(b)(6)." *Gibson v. Am. Mining Ins. Co.*, No. 08-119-ART, 2008 WL 4602747, at *5 (E.D. Ky. Oct. 17, 2008) (citing *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992)).



Signed By:

***Joseph M. Hood***

Senior U.S. District Judge